IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  07-cv-01839-BNB

MIKEAL GLENN STINE, and
RAYMOND OECHSLE,

      Plaintiffs,

v.

HARLEY LAPPIN, Director BOP,
MICHAEL NALLEY, Regional Director BOP, and
RON WILEY, Warden ADX Supermax,

      Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

NOV 02 2007

GREGORY C. LANGHAM
CLERK

---

ORDER

---

      The matters before the Court are the *pro se* documents titled "Emergency Motion for Evidentiary Hearing and T.R.O. and Preliminary Injunction," submitted to the Court on September 6, 2007, and "Objections to Magistrates [sic] Order Dated Sept. 24, 2007/ and Motion to Reconsider and Modify Order," submitted to the Court on October 3, 2007, by Plaintiffs Mikeal Glenn Stine and Raymond Oechsle, federal prisoners currently housed in the State of Colorado.  The Court also will review the merits of other motions that are related to the above-referenced Motions and that are currently pending in the instant action.

      Prior to considering Plaintiffs' Objection, the Court will address the Emergency Motion for Evidentiary Hearing and T.R.O. and Preliminary Injunction.  In the Motion, Plaintiffs assert that they were denied due process when they were reclassified and transferred to ADX without an opportunity to be heard.  Plaintiffs further contend that

their lives are in danger because they have cooperated with the government in criminal proceedings against other inmates, who are known members of the Aryan Brotherhood. Plaintiffs assert that even though they currently are housed in supermaximum segregation, they will be required to participate in the step-down program.  Plaintiffs contend that once they are placed in the step-down program they will be housed in general population among inmates against whom they have cooperated with the government.

Plaintiffs also assert that prison staffing is inadequate, that inmate take-overs are a possibility, and that protective custody inmates, such as themselves, would be in imminent danger of being killed by other inmates if there was an inmate take-over. Lastly, Plaintiffs contend that prison staff deny them the ability to pass legal documents to each other.

A party seeking a preliminary injunction must show a substantial likelihood of prevailing on the merits, that he will suffer irreparable injury unless the injunction issues, that the threatened injury outweighs whatever damage the proposed injunction may cause the opposing party, and that the injunction, if issued, would not be adverse to the public interest. *See Lundgrin v. Claytor*, 619 F.2d 61, 63 (10th Cir. 1980).  Similarly, a party seeking a temporary restraining order must demonstrate clearly, with specific factual allegations, that immediate and irreparable injury will result unless a temporary restraining order is issued.  *See* Fed. R. Civ. P. 65(b).

Like previous cases Mr. Stine has filed in this Court and in which he has requested injunctive relief, *see Stine v. Wiley*, No. 06-cv-02105-WYD-PAC (D. Colo. May 9, 2007) (not selected for publication) and *Stine v. Nafziger*, No. 07-cv-01248-

ZLW (D. Colo. Aug. 2, 2007) (not selected for publication), the instant request for injunctive relief seeks to disturb the status quo and is held to a higher standard.

A heightened burden applies to preliminary injunctions that disturb the status quo. **SCFC ILC, Inc. v. Visa USA, Inc.**, 936 F.2d 1096, 1098-99 (10th Cir. 1991). A preliminary injunction disturbing the status quo "must be more closely scrutinized to assure that the exigencies of the case support the granting of a remedy that is extraordinary even in the normal course. **Schrier v. Univ. of Colo.**, 427 F.3d 1253, 1259 (citing **O Centro Espirita Beneficiente Uniao Do Vegetal v. Ashcroft**, 389 F.3d 973, 977 (10th Cir. 2004)). Therefore, Plaintiffs have an "even heavier burden of showing that the four factors listed above weigh heavily and compellingly in [their] favor before such an injunction may be issued," with respect to their request that they be moved immediately from ADX. **SCFC**, 936 F.2d at 1098.

Plaintiffs fail to allege specific facts that demonstrate they are facing immediate and irreparable injury. Just this year in a previous case initiated by Mr. Stine, District Judge Wiley Y. Daniel held an extensive hearing regarding Mr. Stine and other inmates' ability to harm him. **Stine v. Wiley**, No. 06-cv-02105-WYD-PAC. During the hearing testimony was given by prison officials, and Mr. Stine was allowed to examine witnesses. **Stine v. Wiley**, No. 06-cv-02105-WYD-PAC at Doc. No. 68. Subsequent to the conclusion of the hearing, Judge Daniel determined that there was not an adequate showing that there was a present ability of another inmate to harm Mr. Stine. **Stine v. Wiley**, No. 06-cv-02105-WYD-PAC, Doc. No. 128 at 124. Judge Daniel also found that there was not a need for the Court to enter a very extraordinary order directing the BOP to place Mr. Stine in protective custody or to transfer him to another facility. **Id.** Judge

Daniel, however, did place the BOP and the defendants on notice that they had better be certain Mr. Stine is protected to the maximum extent possible. *Id.* at 124-25.

Plaintiffs do not indicate in the instant action that they are housed in any less secure unit than where Mr. Stine was housed at the time of the hearing in Case No. 06-cv-02105-WYD-PAC. To the contrary, Plaintiffs assert that the supermaximum facility where they are housed is the most restrictive. Plaintiffs also do not assert that where they currently are housed subjects them to immediate danger of physical injury by other inmates. Plaintiffs' only concern is that they are required to participate in the step-down program and at some time in the future they may be placed in general population where they may be housed with members of the Aryan Brotherhood who would want to harm them.

To grant a request for injunctive relief a finding must be made that the injury would be both certain and great and not merely serious or substantial. *Prairie Band of Potawatomi Indians v. Pierce*, 253 F.3d 1234, 1250 (10th Cir. 2001). Plaintiffs' current housing does not support a finding that they are subject to any injury that would be certain or great. Therefore, the Court finds that Plaintiffs' claims do not support the granting of their Motion for an emergency evidentiary hearing and for injunctive relief.

As for Plaintiffs' Objection, the Court will construe the Objection liberally as filed pursuant to 28 U.S.C. § 636(b)(1)(A). For the reasons stated below, the Objection will be overruled.

Pursuant to 28 U.S.C. § 636(b)(1)(A), a judge may reconsider any pretrial matter designated to a magistrate judge to hear and determine where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law. Mr. Stine, who has written the Objection, claims that Magistrate Judge Boyd N. Boland has disregarded

Plaintiffs' claims that they are in imminent danger. Mr. Stine further contends that neither he nor Mr. Oechsle have the funds to pay an initial partial filing fee, yet Magistrate Judge Boland demands that Mr. Oechsle pay a $3.00 initial partial filing fee. Mr. Stine also states in the Objection that he and Mr. Oechsle are not allowed to pass legal papers back and forth and that they must "smuggle" papers through an inmate orderly and talk to each other through the vent shaft.

Based on the above finding, that Plaintiffs' current housing status does not subject them to imminent danger and that there is no need to address a claim for injunctive relief in an emergency evidentiary hearing, the Court concludes that Magistrate Judge Boland's May 7, 2007, Order neither is clearly erroneous nor contrary to law. Therefore, Plaintiffs' liberally construed Objection will be overruled.

The Court further finds that Plaintiffs' continual filing of motions that include requests to expedite, to hold hearings and conferences, and to allow in camera inspections are no more than Plaintiffs' attempts to inundate the Court with additional claims. Such filings only cause delay in the Court's consideration of the merits of Plaintiffs' original Complaint. If Plaintiffs desire to have the Court consider all the additional claims they have presented in each new motion they have filed with the Court then they should file an Amended Complaint. The Court, therefore, will allow Plaintiffs additional time to either amend or inform the Court that they intend to proceed with the claims in the original Complaint.

Finally, Plaintiffs should also take note that to the extent they assert difficulties with prosecuting the instant action, because they are prohibited from passing legal papers to each other and from communicating verbally with each other, they may seek to prosecute their individual claims in separate lawsuits. Accordingly, it is

ORDERED that Plaintiffs' "Emergency Motion for Evidentiary Hearing and T.R.O. and Preliminary Injunction," (Doc. NO. 6), filed September 6, 2007, is DENIED.  It is

FURTHER ORDERED that Plaintiffs' "Objections to Magistrates [sic] Order Dated Sept. 24, 2007/and Motion to Reconsider and Modify Order," (Doc. No. 27), filed October 3, 2007, is construed as filed pursuant to 28 U.S.C. § 636(b)(1)(A) and is DENIED.  It is

FURTHER ORDERED that if Plaintiffs so desire, within thirty days of the date of the instant Order, they may file an Amended Complaint that incorporates all claims that are asserted in both the original Complaint and in the multiple motions that have been submitted to the Court subsequent to the original Complaint.  It is

FURTHER ORDERED that if Plaintiffs fail to file an Amended Complaint within thirty days the Court will proceed to review the merits of the original Complaint.  It is

FURTHER ORDERED that Plaintiffs' "Motion to Expedite Hearing on Motion for Preliminary Injunction Due Imminent Danger of Serious Injury & Possible Loss of Life Due Defendants [sic] Acts," (Doc. No. 12), filed September 12, 2007, is DENIED as moot.  It is

FURTHER ORDERED that Plaintiffs' "Motion for Status Conference Hearing Requiring the Courts [sic] Assistance," (Doc. No. 15), filed September 19, 2007, is DENIED as moot.  It is

FURTHER ORDERED that Plaintiffs' "Emergency Motion for Protective Order; In Camera Inspection and Injunction, " (Doc. No. 19), filed September 21, 2007, is DENIED as moot.  It is

FURTHER ORDERED that Plaintiffs' "Motion to Expedite, Motion for Protective Order/ In Camera Inspection and Injunction Filed Simultaneously on 9/18/07," (Doc. No. 21), filed September 21, 2007, is DENIED as moot.

DATED at Denver, Colorado, this ___1___ day of _____Nov._____, 2007.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No.  07-cv-01839-BNB

Mikeal Stine
Reg. No. 55436-098
ADX – Florence
PO Box 8500
Florence, CO 81226

Raymond Oechsle
Reg. No. 44776-066
ADX – Florence
PO Box 8500 :
Florence, CO 81226

   I hereby certify that I have mailed a copy of the **ORDER** to the above named individuals on __11/2/07__

GREGORY C. LANGHAM, CLERK

By:_____
            Deputy Clerk