IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No. 07-cv-01839-WYD-KLM

MIKEAL GLENN STINE and
RAYMOND OECHSLE ,

    Plaintiffs,

v.

HARLEY LAPPIN, Director B.O.P.;
MICHAEL NALLEY, Regional Director B.O.P.; and
RON WILEY, Warden ADX Supermax,

    Defendants.

## ORDER

THIS MATTER is before the Court on the Plaintiffs' Motion to Reconsider (docket #70), filed March 17, 2008, asking that the Court reconsider its Order of March 7, 2008. In that Order, I affirmed Magistrate Judge Boland's Order denying Plaintiffs' Motion to Waive the Copy Requirement.

Specifically, I found that the Plaintiffs failed to show that Magistrate Judge Boland's Order violated any law or was clearly erroneous. I further found that I had no authority to grant the Plaintiffs relief against non-party defendants. Accordingly, I affirmed Magistrate Judge Boland's Order denying Plaintiffs' Motion to Waive Copy Requirement.

Plaintiffs now move to reconsider based on the fact that they claim that I do have the authority to grant relief against non-party defendants, Tina Sudlow and George

Knox. Plaintiffs argue that Defendant Wiley "directed Plaintiffs [sic] unit team . . . not to make stated copies for Plaintiffs." (Pls.' Mot. at 1.) However, Plaintiffs cite no authority for their assertion. I reject Plaintiffs argument. Thus, the Motion for Reconsideration is DENIED.

There are three major grounds that justify reconsideration of a motion under Rule 59(e): (1) an intervening change in the controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1009 (10th Cir. 2000); *see also Phelps*, 122 F.3d at 1324 ("[a] Rule 59(e) motion to alter or amend the judgment should be granted 'only to correct manifest errors of law or to present newly discovered evidence'") (quotation and internal quotation marks omitted). Thus, "a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law." *Servants of the Paraclete*, 204 F.3d at 1012. Such a motion is committed to the trial court's discretion. *See Phelps*, 122 F.3d at 1324.

In the case at hand, the Plaintiffs have not advanced any change in the law or newly discovered evidence. Moreover, they have not shown any clear error in the Court's ruling. Finally, they have not shown that the Court misapprehended the facts, the parties' positions or controlling law. Accordingly, the only ground that the Plaintiffs could possibly rely on in support of his motion is the need to prevent manifest injustice. I find that the Plaintiffs have not established this need.

In the Motion to Waive Copy Requirement (docket #42), the Plaintiffs stated that non-parties Tina Sudlow and George Knox were responsible for making copies of Plaintiffs' legal papers. In the motion to reconsideration, Plaintiffs now allege that

Defendant Wiley was the party responsible for ensuring that copies of the Plaintiffs' legal papers were made. However, Plaintiffs offer no supporting documentation of this "change" in the facts surrounding their argument. Accordingly, I find that the motion to reconsider is not proper. *See Servants of the Paraclete*, 204 F.3d at 1012 (a motion fo reconsideration "is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing").

Based upon the foregoing, it is

ORDERED that Plaintiffs' Motion to Reconsider (docket #70), filed March 17, 2008, is **DENIED**.

Dated: March 26, 2008

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge