IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01839-WYD-KLM

MIKEAL GLENN STINE and
RAYMOND OECHSLE,

    Plaintiff,

v.

HARLEY LAPPIN, Director B.O.P.,
MICHAEL NALLEY, Regional Director B.O.P., and
RON WILEY, Warden ADX Supermax,

    Defendants.
_____

**ORDER SETTING PRELIMINARY SCHEDULING CONFERENCE
AND DENYING MOTION NO. 54**
_____
**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    IT IS HEREBY **ORDERED** that a preliminary Scheduling Conference is set for **June 11, 2008 at 10:30 a.m.**, in Courtroom A501, Alfred A. Arraj U.S. Courthouse, 901 19th Street, Denver, Colorado. The parties need not comply with the requirements of Fed. R. Civ. P. 16 and 26(a)(1) and D.C. COLO.LCivR. 16.1 and 16.2. The purpose of the initial conference is to consider the nature and status of the case, the timing for filing of any motions, and what discovery, if any, will be needed. Plaintiffs and their case manager shall contact the court at **(303) 844-4892** on the above date and time in order to participate.

    This matter is also before the Court on Plaintiffs' Motion for Permission to Proceed Without Prepayment Under Writ of Mandamus Before U.S. Tenth Circuit [Docket No. 54; Filed March 5, 2008] ("Motion No. 54"). Although Motion No. 54 is less than clear, it

appears that Plaintiffs take issue with the amount of time their case spent in "legal review status" before Senior District Court Judge Zita L. Weinshienk and Magistrate Judge Boyd N. Boland. Plaintiffs indicate that they seek to petition the Tenth Circuit through a writ of mandamus to get the District Court to "mov[e] the case forwards [sic]." As noted above, Plaintiffs' case has now been set for a preliminary Scheduling Conference. In addition, simultaneous with this Order, the Court is entering separate orders directing Defendants to respond to Plaintiffs' various other pending motions to attempt to resolve the outstanding issues Plaintiffs have brought before the Court. As such, it appears to the Court that the relief Plaintiffs are seeking is being provided to them.

Furthermore, to the extent that Plaintiffs ask this court to waive the fees they must pay to proceed with a petition for a writ of mandamus before the Tenth Circuit Court of Appeals, Plaintiffs are essentially asking to proceed *in forma pauperis* before the Court of Appeals. This Court has no authority to waive the Court of Appeals' fees on a petition for a writ of mandamus. *See generally Green v. Nottingham*, 90 F.3d 415 (10th Cir. 1996).

IT IS HEREBY **ORDERED** that Motion No. 54 is **DENIED**.

Dated: March 27, 2008

BY THE COURT:

s/ Kristen L. Mix
U.S. Magistrate Judge
Kristen L. Mix