IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  07-cv-01839-WYD-KLM

MIKEAL GLENN STINE and
RAYMOND OECHSLE,

      Plaintiff,

v.

HARLEY LAPPIN, Director B.O.P.,
MICHAEL NALLEY, Regional Director B.O.P., and
RON WILEY, Warden ADX Supermax,

      Defendants.
_____

**ORDER DENYING MOTION NO. 74
AND SETTING A RESPONSE DATE TO MOTION NO. 71**
_____

**ORDER ENTERED BY MAGISTRATE JUDGE KRISTEN L.  MIX**

      This matter is before the Court on Plaintiffs' Motion for Evidentiary Hearing and Injunctive Order [Docket No. 71; Filed March 18, 2008] ("Motion for Evidentiary Hearing") and Plaintiffs' Motion for Evidentiary Hearing/and to Recuse Magistrate Mix [Docket No. 74; Filed March 19, 2008] ("Motion to Recuse").  The Motion for Evidentiary Hearing requests that the Court set a hearing to address Plaintiffs' contentions that Defendants are prohibiting them from communicating with each other and that Defendants are opening or destroying their legal mail.  The Motion to Recuse requests that I recuse myself because Plaintiffs intend to call me as a witness at the hearing requested in the Motion for Evidentiary Hearing and because I am allegedly prejudiced against them.  The Motion to Recuse also requests that I hold a hearing to determine whether I should recuse myself.

      IT IS HEREBY **ORDERED** that the Motion to Recuse [Docket No. 74] is **DENIED**.

To the extent that Plaintiffs contend that I should recuse myself because I am prejudiced against them, the Motion is **denied**. Pursuant to 28 U.S.C. § 455(a), a Magistrate Judge shall disqualify herself "in any proceeding in which [her] impartiality might reasonably be questioned." Plaintiffs specifically take issue with my prior rulings against Plaintiff Stine in his other pending cases. However,

> judicial rulings alone almost never constitute valid basis for a bias or partiality motion. In and of themselves, (*i.e.*, apart from surrounding comments or accompanying opinion), they cannot possibly show reliance on an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required . . . when no extrajudicial source is involved . . . . Second, opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible.

*Liteky v. United States*, 510 U.S. 540, 555 (1994) (citation omitted). The test for recusal is an objective one. *United States v. Cooley*, 1 F.3d 985, 994 (10th Cir. 1993). Moreover, "[t]here is as much obligation for a judge not to recuse when there is no occasion for [her] to do so as there is for [her] to do so when there is." *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987). Having examined the instant case and the other cases on my docket where Plaintiff Stine is also a party, I find no reason why my impartiality might <u>objectively</u> or <u>reasonably</u> be questioned in this case.[1]

To the extent that Plaintiffs request my recusal due to their intention to call me as

---

[1] To the extent that Plaintiffs intended to invoke 28 U.S.C. § 144, their affidavit does not comply with the statute. Accordingly, the Court considers the issue of recusal on the merits. *See United States v. Bennett,* 539 F.2d 45, 51 (holding that trial judge's refusal to disqualify himself was not error based on a deficient affidavit); *Williams v. New York City Housing Auth.*, 287 F. Supp. 2d 247, 249 (S.D.N.Y. 2003) (holding that § 144 was unavailable to pro se party and ruling on the motion to recuse pursuant to 28 U.S.C. § 455).

a witness at a hearing, the Motion is **denied**. As a preliminary matter, no hearing has been granted. Moreover, Plaintiffs' stated intention to call me as a witness due to the fact that I presided over a hearing in a different case involving Plaintiff Stine where he presented witnesses is unavailing. *See United States v. Page*, 828 F.2d 1476, 1481 (10th Cir. 1987); *United States v. Diana*, 605 F.2d 1307, 1316 (4th Cir. 1979); *see also United States v. Edwards*, 39 F. Supp. 2d 692, 705 (M.D. La. 1999) ("Neither counsel nor a party may seek recusal of a judge by announcing that they intend to call the judge as a witness."). Moreover, to the extent that Plaintiffs claim I have personal knowledge of their injuries based on the witness testimony presented in his other case, my recusal is not warranted where any alleged personal knowledge I have was obtained through related judicial proceedings. *See Page*, 828 F.2d at 1481.

Finally, to the extent that Plaintiffs request a hearing to determine whether I should be recused, the Motion is **denied as moot**.

IT IS FURTHER **ORDERED** that Defendants shall file a response to the Motion for Evidentiary Hearing [Docket No. 71] on or before **May 16, 2008**. When service is effected as to Defendant Wiley, his response shall also be due on **May 16, 2008**.

Dated:        March 27, 2008

                                                        BY THE COURT:

                                                         s/ Kristen L. Mix_____
                                                        U.S. Magistrate Judge
                                                        Kristen L. Mix