IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01839-WYD-KLM

MIKEAL GLENN STINE and
RAYMOND OESCHLE,

    Plaintiff,

v.

HARLEY LAPPIN, Director B.O.P.,
MICHAEL NALLEY, Regional Director B.O.P., and
RON WILEY, Warden ADX Supermax,

    Defendants.

_____

# ORDER
_____

**ORDER ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Plaintiffs' **Motion for Order Directing Clerk to Provide Plaintiffs with Copy of Document No. (49) and Exhibits Attached Thereto** [Docket No. 90; Filed April 3, 2008]; **Motion for Limited Discovery, and Files [sic] Affidavit Pursuant to Rule 56(f), Fed. R. Civ. P.** [Docket No. 152; Filed July 2, 2008] ("Motion No. 152"); **Motion for Courts [sic] Assistance** [Docket No. 157; Filed July 3, 2008] ("Motion No. 157"); and Plaintiff Stine's **Motion to Submit Pleadings with Only the Signature of Plaintiff Stine; and Motion to Seal Due [sic] Content Could Endanger Plaintiffs** [Docket No. 160; Filed July 8, 2008] ("Motion No. 160").

    IT IS HEREBY **ORDERED** that Motion No. 90 is **DENIED** for the reasons given in my Recommendation of June 13, 2008 [Docket No. 140 at 8-10].

    IT IS HEREBY **ORDERED** that Motion No. 152 is **DENIED without prejudice**. Because Plaintiffs' cases have been severed, all discovery motions must pertain to either

Plaintiff Stine or Plaintiff Oechsle. Plaintiffs may no longer file joint motions. Moreover, discovery parameters as to Plaintiff Oechsle have not yet been set. Further, to the extent that Plaintiff Stine would like to issue subpoenas, he must explain to the Court: **(1)** whether he is seeking subpoenas to compel witnesses to provide testimony, documents, or both; **(2)** if he seeks testimony, what arrangements he has made with opposing counsel regarding the location, dates, and times for testimony to be taken and the method and cost of recording the testimony pursuant to Fed. R. Civ. P. 30(b); **(3)** if he seeks documents, what arrangements he has made with opposing counsel regarding the dates and times for documents to be delivered; and **(4)** how each individual to be subpoenaed is related to the controversy. *See, e.g.*, *Guy v. Maio*, 227 F.R.D. 498, 501 (E.D. Wis. 2005). While Plaintiffs are entitled to have the cost of subpoenas borne by the Court and to have subpoenas served by a United States Marshal pursuant to 28 U.S.C. § 1915(d), the Court has the ultimate discretion as to whether the subpoenas should be issued. If Plaintiff Stine chooses to renew his Motion, his failure to provide the information set forth in items (1) through (4) above will be grounds for denial of the motion.

IT IS HEREBY **ORDERED** that Motion No. 157 is **DENIED**. As a preliminary matter, Plaintiff Stine addressed this issue at the Scheduling Conference held on July 1, 2008, and the Court directed Defendants to provide Plaintiffs with copies of the missing pleadings [Docket No. 153]. In any event, Plaintiffs' request is moot because the Court denied the pending Motion to Dismiss without prejudice [Docket No. 154]. As such, there is no pending dispositive motion to which Plaintiffs must respond.

IT IS HEREBY **ORDERED** that Motion No. 160 is **DENIED**. To the extent that

Plaintiff Stine seeks to file pleadings without the signature of Plaintiff Oechsle or to sever Plaintiffs' cases, the Motion is **denied as moot** due to my Order severing Plaintiffs' cases [Docket No. 154]. To the extent that Plaintiff Stine seeks to seal his pleading, the Motion is **denied**. Plaintiff Stine has failed to comply with D.C. Colo. L. Civ. R. 7.2. Further, as Plaintiffs' cases have now been severed, Plaintiff Stine may not seek relief for Plaintiff Oechsle and must limit his motions to issues directly pertaining to him.

Dated: July 14, 2008

BY THE COURT:

s/ Kristen L. Mix
United States Magistrate Judge
Kristen L. Mix