IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01839-WYD-KLM

MIKEAL GLENN STINE and
RAYMOND OESCHLE,

    Plaintiff,

v.

HARLEY LAPPIN, Director B.O.P.,
MICHAEL NALLEY, Regional Director B.O.P., and
RON WILEY, Warden ADX Supermax,

    Defendants.
_____

**MINUTE ORDER RE: PLAINTIFF OECHSLE'S MOTION NOS. 176, 177 & 178**
_____
**ORDER ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court pursuant to Plaintiff Oechsle's **Motion for Order Directing B.O.P. to Provide Plaintiff with a Copy of His Central File** [Docket No. 176; Filed August 1, 2008] ("Motion No. 176"); **Motion to Strike Unit Manager Mark Collins Perjured Declaration** [Docket No. 177; Filed August 1, 2008] ("Motion No. 177"); and **"Discovery Request"** [Docket No. 178; Filed August 1, 2008] ("Motion No. 178"). The Court conducted a Scheduling Conference in this matter on July 23, 2008, wherein the Court explained to Plaintiff in great detail how to pursue discovery in this case and how to seek judicial intervention if his discovery requests were not answered [Docket No. 172]. Despite the Court's clear direction, Plaintiff attempts to propound his discovery requests through the Court, rather than through counsel for Defendants.

    IT IS HEREBY **ORDERED** that Motion Nos. 176 & 178 are **DENIED**. The Motions fail to comply with D.C. Colo. L. Civ. R. 37.1, which requires that Plaintiff Oechsle "set forth

verbatim the interrogatory, request, and response to which the motion is directed." Although Plaintiff Oechsle is proceeding *pro se*, he is still obligated to comply with the Federal and Local Civil Rules. *See generally Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992). To the extent that Plaintiff Oechsle wishes to obtain discovery, he must send discovery requests which comply with Fed. R. Civ. P. 33, 34 & 36 to Defendants' counsel as explained on July 23, 2008.

IT IS HEREBY **ORDERED** that Motion No. 177 is **DENIED**. As a preliminary matter, Plaintiff Oechsle has failed to identify the docket number of the declaration he believes should be stricken from the record. In addition, a party's dissatisfaction or disagreement with a sworn pleading does not provide an adequate basis for the Court to strike the pleading. *See* Fed. R. Civ. P. 12(f). Finally, the Court notes that after a review of the record, it located a declaration from Mark Collins wherein he states that since 2007, no inmates have been assaulted either in the special housing or general population units at ADX. *Declaration of Mark Collins* [#126-2] at 10. The information submitted by Plaintiff Oechsle pertains to alleged assaults that occurred in the intermediate unit and therefore is not inconsistent with Mr. Collins' declaration. Accordingly, the evidence does not support Plaintiff Oechsle's assertion that the declaration contains a perjured statement.

Dated: August 11, 2008