IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No. 07-cv-01839-WYD-KLM

MIKEAL GLENN STINE and
RAYMOND OECHSLE ,

    Plaintiffs,

v.

HARLEY LAPPIN, Director B.O.P.;
MICHAEL NALLEY, Regional Director B.O.P.; and
RON WILEY, Warden ADX Supermax,

    Defendants.

---

**ORDER AFFIRMING AND ADOPTING RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

---

I.    <u>INTRODUCTION</u>

THIS MATTER is before the Court on Plaintiffs' Renewed Motion for Evidentiary Hearing/T.R.O. and Preliminary Injunction Pursuant to Rule (60)(b) F.R.Civ.P. (docket #49), filed January 3, 2008; Letter to District Judge Wiley Y. Daniels [sic] to Decide the Renewed Motion (docket #66), filed March 13, 2008; and Motion to Expedite Renewed Motion for TRO/Preliminary Injunction Due [sic] Imminent Danger (docket #78), filed March 25, 2008 (hereinafter referred to as the "Renewed Motions"). The Renewed Motions were referred to Magistrate Kristen L. Mix for a Recommendation by Order of Reference dated March 7, 2008. Magistrate Judge Mix issued a Recommendation on July 31, 2008, that the above referenced Renewed Motions be denied. (Recommendation at 8.) The Recommendation is incorporated herein by reference.

*See* 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b).

Magistrate Judge Mix advised the parties that they had ten (10) days to serve and file written, specific objections to the Recommendation. (Recommendation at 28-29.) On August 13, 2008, Plaintiffs filed a timely Objection which necessitates a *de novo* determination as to those specified proposed findings or recommendations to which objection is made since the nature of the matter is dispositive. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1).

II.  BACKGROUND

The Renewed Motions request that the Court both hold an emergency evidentiary hearing in light of new evidence and enter injunctive relief due to several prison officials allegedly placing Plaintiffs in imminent danger of being harmed. By way of background, Magistrate Judge Mix stated the following:

> Plaintiffs are prisoners at the United States Penitentiary Administrative Maximum ("ADX") in Florence, Colorado. They claim that Defendants violated their due process rights by transferring them to ADX without notice and a hearing and that their continued confinement at ADX constitutes cruel and unusual punishment [Docket No. 3; Filed August 31, 2007]. To date, Plaintiffs have filed nine motions seeking injunctive relief [Docket Nos. 6, 12, 19, 21, 49, 66, 71, 78, & 93]. Their first four motions, which alleged that Plaintiffs' housing assignment placed them in imminent danger of serious injury, were denied on November 2, 2007 [Docket No. 36; Filed November 2, 2007]. Although these motions were denied on their merits, the District Court warned Plaintiffs that their continued filing of expedited motions seeking injunctive relief were viewed as attempts to inundate the Court with baseless filings. Order [#36] at 5.
>
> In clear disregard of the District Court's warning, Plaintiffs now renew, in light of allegedly new evidence, their previously denied requests for injunctive relief regarding their housing assignment, accompanied by two motions for expedited consideration. See Renewed Motions [##49, 66, & 78]. Like Plaintiffs' earlier requests for injunctive relief, Plaintiffs assert that they are targeted by the Aryan Brotherhood ("AB") for either testifying

or offering to testify against several high-ranking AB members and other prison gang members. *Id.* [#49] at 1-3. Plaintiffs generally allege that Defendants have placed them in imminent danger of serious harm by currently housing them on the same cell "range" or "run" with people who they provided information against and by potentially approving Plaintiffs for enrollment in the Step-Down Unit Program sometime in the future. *Id.* Plaintiffs request that the Court grant them relief by: (1) issuing a temporary restraining order to require Defendants to move Plaintiffs to another housing unit; (2) issuing a temporary restraining order to enjoin Defendants from removing Plaintiffs from their current housing unit; (3) issuing any preliminary injunction that the Court deems necessary; and (4) issuing a permanent injunction to require Defendants to immediately reinstate the Protective Housing Unit. *Id.* [#49] at 2-3, [#78] at 3.

(Recommendation at 2-3.)

III. <u>ANALYSIS</u>

As stated earlier, Magistrate Judge Mix recommended that Plaintiffs' Renewed Motions be denied. (Recommendation at 8.) In her Recommendation, Magistrate Judge Mix found that the Plaintiffs failed to articulate new evidence or information warranting a recommendation for injunctive relief.

To obtain a temporary restraining order, Plaintiffs must clearly demonstrate "that immediate and irreparable injury, loss, or damage will result" unless a temporary restraining order is issued. Fed. R. Civ. P. 65(b). Similarly, "[t]o obtain a preliminary injunction, the movant must show: (1) a substantial likelihood of success on the merits; (2) irreparable harm to the movant if the injunction is denied; (3) the threatened injury outweighs the harm that the preliminary injunction may cause the opposing party; and (4) the injunction, if issued, will not adversely affect the public interest." *General Motors Corp. v. Urban Gorilla, LLC*, 500 F.3d 1222, 1226 (10th Cir. 2007). When a preliminary injunction would alter the status quo, such as requiring Defendants to immediately

reinstate the Protective Housing Unit, Plaintiffs bear a heightened burden and "must make a strong showing both with regard to the likelihood of success on the merits and with regard to the balance of harms." *O Centro Espirita Beneficente Uniao Do Vegetal v. Ashcroft*, 389 F.3d 973, 976 (10th Cir. 2004), *aff'd*, 546 U.S. 418 (2006). Further, "A preliminary injunction is an extraordinary remedy; it is the exception rather than the rule." *GTE Corp. v. Williams*, 731 F.2d 676, 678 (10th Cir. 1984). The right to relief must be "clear and unequivocal." *Greater Yellowstone Coal. v. Flowers*, 321 F.3d 1250, 1256 (10th Cir. 2003).

In her Recommendation, Magistrate Judge Mix first found that "[t]o constitute irreparable harm, an injury must be great, actual 'and not theoretical.' *Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1189 (10th Cir. 2003) (citation omitted). Therefore, to demonstrate irreparable harm, Plaintiffs 'must establish both that harm will occur, and that, when it does, such harm will be irreparable.' *Vega v. Wiley*, 259 Fed. Appx. 104, 106 (10th Cir. 2007)." (Recommendation at 5.) After reviewing Plaintiffs' Renewed Motions, Magistrate Judge Mix concluded that the Plaintiffs failed to adequately show that they are facing immediate and irreparable injury. Magistrate Judge Mix found that based on the evidence presented, "Plaintiffs are housed in single-cells and have no physical contact with other inmates." (Recommendation at 5.) "Because both are housed in the General Population Unit, Plaintiffs eat all of their meals in their cells, their shower stalls are located in their cells, and they receive the majority of penal programs via close circuit television." (Recommendation at 6.) When Plaintiffs are removed from their cells, "they are cuffed and escorted by two prison officials, one of whom carries a

baton." (Recommendation at 6.) Additionally, "Plaintiffs recreate alone in exercise pens that are constructed with heavy-duty fencing." (Recommendation at 6.) Based on the above information, Magistrate Judge Mix determined that since the "Plaintiffs currently have no physical contact with other inmates, Plaintiffs fail to establish that there is any likelihood that other inmates may harm them." (Recommendation at 6.)

Second, Magistrate Judge Mix found that Plaintiffs' allegation that they will be harmed if they are enrolled in the Step Down Unit Program is "remote or perhaps entirely illusory, as the decision as to whether to allow Plaintiffs to step-down is within the discretion of Defendants, and step-down may thus never occur." (Recommendation at 7.) Next, Magistrate Judge Mix determined that "even if Plaintiffs could demonstrate some injury, they must demonstrate that 'the threatened injury . . . outweighs whatever damage the proposed injunction may cause the opposing party' and that 'the injunction, if issued, would not be adverse to the public interest.'" (Recommendation at 7-8.) Magistrate Judge Mix found that the "Plaintiffs have not addressed or demonstrated whether the alleged harm to them outweighs the potential damage the injunction may cause Defendants or whether an injunction would be adverse to the public interest." (Recommendation at 7-8.) Finally, Magistrate Judge Mix concluded that the Plaintiffs' conclusory allegations fail to demonstrate a substantial likelihood of success on the merits.

In their Objection, the Plaintiffs complain that Magistrate Judge Mix failed to consider several exhibits when she recommended that their Renewed Motions be denied. Specifically, Plaintiffs direct the Court's attention to three internet articles and

argue that these articles are the new evidence that should prompt this Court to grant injunctive relief.  After reviewing these articles, I overrule Plaintiffs' Objection.  I note that these articles all generally concern the overcrowding and low staffing problems at the United States Penitentiary Administrative Maximum Facility ("ADX") in Florence, Colorado.  I find that these internet articles are both speculative and unsupported by the evidence before me.  Even if I were to assume that the information contained in the internet articles is reliable, I find that the Plaintiffs have failed to allege a particular injury to themselves.  The articles only speak to the general conditions of ADX and not to the particular Plaintiffs in this matter.  I find that merely attaching these articles that refer to events that may or may not happen in the future is not sufficient to sustain a request for injunctive relief.  I agree with Magistrate Judge Mix that the Plaintiffs have failed to articulate new evidence or information supporting their request for injunctive relief.  "The circumstances under which Plaintiffs are currently incarcerated do not give rise to a substantial risk of serious harm or place them in imminent danger such that they would be entitled to the relief sought in the Renewed Motions."  (Recommendation at 8.)

After carefully reviewing Magistrate Judge Mix's Recommendation and Plaintiffs' Objection, I agree with Magistrate Judge Mix that Plaintiffs' Renewed Motions should be denied for the reasons stated in both the Recommendation and this Order.  Magistrate Judge Mix's Recommendation is thorough, well reasoned and is adopted.  Accordingly, Plaintiffs' Objection is overruled.  To the extent Plaintiffs assert other objections, I find no merit to them.  Accordingly, the Recommendation of Magistrate Judge Mix is affirmed and adopted, and Plaintiffs' Renewed Motions are denied.

IV. <u>CONCLUSION</u>

For the reasons stated above, it is

ORDERED that the Recommendation of United States Magistrate Judge Mix (docket #175), filed July 31, 2008, is **AFFIRMED** and **ADOPTED**.

In accordance therewith, it is

FURTHER ORDERED that Plaintiffs' Renewed Motion for Evidentiary Hearing/T.R.O. and Preliminary Injunction Pursuant to Rule (60)(b) F.R.Civ.P. (docket #49), filed January 3, 2008; Letter to District Judge Wiley Y. Daniels [sic] to Decide the Renewed Motion (docket #66), filed March 13, 2008; and Motion to Expedite Renewed Motion for TRO/Preliminary Injunction Due [sic] Imminent Danger (docket #78), filed March 25, 2008, are hereby **DENIED**.

Dated: August 25, 2008

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge