IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01839-WYD-KLM

MIKEAL GLENN STINE and
RAYMOND OESCHLE,

    Plaintiff,

v.

HARLEY LAPPIN, Director B.O.P.,
MICHAEL NALLEY, Regional Director B.O.P., and
RON WILEY, Warden ADX Supermax,

    Defendants.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
RE: PLAINTIFF STINE**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Plaintiff Stine's **Motion for Protective Order and Injunction/and Request Expedited Consideration** [Docket No. 184; Filed August 6, 2008] (the "Motion") (emphasis in original). Plaintiff Stine requests that the Court "[i]ssue protective order, finding Plaintiff Stine's legal and Court mail is constitutionally protected" and enjoin "Defendants and ADX-Florence institution [from opening] mail from Courts or attorneys outside of the addressed inmate." *Motion* [#184] at 4.

    Plaintiff Stine is a prisoner at the United States Penitentiary, ADMAX, in Florence, Colorado ("ADX"). Plaintiff Stine is proceeding *pro se*. As such, the Court must construe his pleadings liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court is not the *pro se* party's advocate and must nevertheless deny a motion that is based on vague or conclusory allegations.

*Hall*, 935 F.3d at 1110.

The Court has reviewed the Motion, the case file, and applicable case law and is sufficiently advised in the premises. Defendants did not file a response. For the reasons provided below, I respectfully recommend that the Motion be **DENIED**.

The present Motion represents the tenth attempt by Plaintiff Stine to have the Court issue an injunctive order against Defendants [Docket Nos. 6, 12, 19, 21, 49, 66, 71, 78, 93 & 184]. The previous nine attempts, including two motions containing allegations similar to the ones at issue here, have been denied [Docket Nos. 36, 166 & 198]. Although Plaintiff Stine has repeatedly been warned about filing frivolous requests for injunctive relief, he persists in his endeavors to inundate the Court with unnecessary and unsubstantiated requests. The present Motion is no different.

Here, Plaintiff Stine contends that "Defendants are opening all Court mail and reading said outside his presence, as well as delaying and losing stated mail, [which] infringes upon Plaintiff Stine's access to Courts." *Motion* [#184] at 1. A preliminary injunction is an extraordinary remedy that should only be granted when the moving party clearly and unequivocally demonstrates its necessity. *See Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1258 (10th Cir. 2005). In the Tenth Circuit, a party requesting a preliminary injunction must clearly establish that: (1) the party will suffer irreparable injury unless the injunction issues; (2) the threatened injury outweighs whatever damage the proposed injunction may cause the opposing party; (3) the injunction, if issued, would not be adverse to the public interest; and (4) there is a substantial likelihood of success on the merits. *Id*.

It is well established that "[b]ecause a showing of probable irreparable harm is the

single most important prerequisite for the issuance of a preliminary injunction, the moving party must first demonstrate that such injury is likely before the other requirements for the issuance of an injunction will be considered." *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.*, 356 F.3d 1256, 1260 (10th Cir. 2004) (citations omitted). Moreover,

> [b]ecause the limited purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held, we have identified the following three types of specifically disfavored preliminary injunctions . . . (1) preliminary injunctions that alter the status quo; (2) mandatory preliminary injunctions; and (3) preliminary injunctions that afford the movant all the relief that it could recover at the conclusion of a full trial on the merits.

*Schrier*, 427 F.3d at 1258-59 (citations omitted). These disfavored injunctions are "more closely scrutinized to assure that the exigencies of the case support the granting of a remedy that is extraordinary even in the normal course." *Id.* at 1259.

Plaintiff Stine seeks a preliminary injunction that would require Defendants to act in a way that (Plaintiff alleges) is contrary to their prior practices, as well as to treat certain mail as legal mail that is not presently treated as such. Accordingly, the relief sought would alter the status quo rather than preserve it and would also require Defendants to act. For these reasons, the injunctive relief sought by Plaintiff Stine "constitutes a specifically disfavored injunction" that "must be more closely scrutinized." *Id.* at 1259, 1261.

First, Plaintiff Stine must show that he will suffer irreparable injury if his request for injunctive relief is denied. *Id.* at 1258. "To constitute irreparable harm, an injury must be certain, great, actual 'and not theoretical.'" *Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1189 (10th Cir. 2003) (quoting *Wis. Gas Co. v. FERC*, 758 F.2d 669, 674 (D.C. Cir. 1985)). Irreparable harm is more than "merely serious or substantial" harm. *Id.* (citation omitted). The party seeking the preliminary injunction "must show that 'the injury complained of is of

3

such *imminence* that there is a clear and present need for equitable relief' to prevent irreparable harm." *Id.* (citation omitted).

Here, Plaintiff Stine has wholly failed to assert an actual injury. *See Lewis v. Casey*, 518 U.S. 343, 350-53 (1996). Although he contends that Defendants delayed providing him with his mail, he does not allege any resulting injury. Further, Plaintiff Stine admits that, although delayed, he received the mail at issue. Such an admission clearly evidences a lack of imminence of the alleged injury. Further, Plaintiff Stine has failed to substantiate his conclusory allegations and to suggest that he was prevented from filing pleadings in this case. In addition, the Court notes that a review of the docket does not reveal any outstanding motions filed by Defendants in this case to which Plaintiff Stine has not responded.

To the extent that Plaintiff Stine claims that special legal mail is being opened outside his presence, he has likewise failed to substantiate his assertion. Further, the Court notes that similar allegations made by Plaintiff Stine in the past, i.e., that Defendants improperly opened communications from lawyers, were found to be untruthful or inconsequential [Docket No. 140 at 8-9 & n.7]. Finally, to the extent that Plaintiff Stine contends that Defendants are unconstitutionally opening mail sent from the Court, the Court notes that mail sent by the clerk to Plaintiff Stine is not marked as special legal mail and is not necessarily subject to the same protection. *See, e.g.*, *Medel v. Deland*, 974 F.2d 1345, 1345 (10th Cir. 1992). Indeed, it is often the Court's practice to specifically order the clerk to send mail from the Court to Plaintiff Stine's case manager.

Next, even if Plaintiff Stine could demonstrate some injury, he must demonstrate that "the threatened injury . . . outweighs whatever damage the proposed injunction may cause

4

the opposing party" and that "the injunction, if issued, would not be adverse to the public interest." *Schrier*, 427 F.3d at 1258. Plaintiff Stine has not addressed or demonstrated whether the alleged harm to him outweighs the potential damage the injunction may cause Defendants or whether an injunction would be adverse to the public interest. Plaintiff has failed to meet his burden regarding these two requisite elements.

Finally, Plaintiff Stine must show that he has a substantial likelihood of success on the merits of his claim. Because I find that Plaintiff Stine has failed to articulate an actual injury, the likelihood of success on the merits of his claim is sufficiently in doubt. *See Hall*, 935 F.2d at 1110 (holding that a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based"); *Bryant v. NFL, Inc.*, No. 07-cv-02186-MSK-MJW, 2007 WL 3054985, at *2 (D. Colo. Oct. 18, 2007) (unpublished decision) (holding that unverified, conclusory allegations will not support a motion for injunctive relief).

Accordingly, as Plaintiff Stine has failed to satisfy the four prerequisites to obtaining a preliminary injunction, I respectfully **RECOMMEND** that the Motion be **DENIED**.

IT IS FURTHER **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have ten (10) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives *de novo* review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v.*

*Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated: September 5, 2008

BY THE COURT:

s/ Kristen L. Mix
United States Magistrate Judge
Kristen L. Mix