IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01839-WYD-KLM

MIKEAL GLENN STINE and
RAYMOND OESCHLE,

    Plaintiff,

v.

HARLEY LAPPIN, Director B.O.P.,
MICHAEL NALLEY, Regional Director B.O.P., and
RON WILEY, Warden ADX Supermax,

    Defendants.
_____

**ORDER STAYING DISCOVERY IN PLAINTIFF STINE'S CASE AND
DENYING MOTION FOR ISSUANCE OF SUBPOENAS WITHOUT PREJUDICE**
_____
**ORDER ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on **Defendants' Motion to Stay Discovery by Plaintiff Stine and for Protective Order** [Docket No. 181; Filed August 5, 2008] ("Motion to Stay"). Defendants filed a Motion to Dismiss asserting defenses, including immunity and jurisdiction, which, if granted, would resolve Plaintiff Stine's case [Docket No. 163; Filed July 15, 2008]. As such, Defendants request a stay of discovery until the issues presented in the Motion to Dismiss are decided. Plaintiff Stine filed a Motion to Compel Discovery Pursuant to Fed. R. Civ. P. (37)(a) [Docket No. 191], which the Court construes as his response to the Motion to Stay [Docket No. 193]. No reply was filed. The Motion to Stay has now been fully briefed and is ready for resolution.

    This matter is also before the Court on Plaintiff Stine's **Motion for Issuance of (5) Document Subpoena's [sic] /and Service by U.S. Marshal** [Docket No. 173; Filed July

24, 2008] ("Motion for Subpoenas"). Defendants responded in opposition to the Motion for Subpoenas [Docket No. 188], and Plaintiff Stine filed a reply [Docket No. 197]. The Motion for Subpoenas has now been fully briefed and is ready for resolution.

IT IS HEREBY **ORDERED** that the Motion to Stay is **GRANTED** for the reasons set forth below.

Although a stay of discovery is generally disfavored, the Court has broad discretion to stay an action while a dispositive motion is pending pursuant to Fed. R. Civ. P. 26(c). *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 1:02-cv-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006) (unpublished decision). Indeed, "a court may decide that in a particular case it would be wise to stay discovery on the merits until [certain challenges] have been resolved." 8 Charles Alan Wright et al., *Federal Practice and Procedure* § 2040, at 521-22 (2d ed. 1994) ("[W]hen one issue may be determinative of a case, the court has discretion to stay discovery on other issues until the critical issue has been decided."); *see also Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc.*, 200 F.3d 795, 804 (Fed. Cir. 1999) ("When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved."). Moreover, a stay is appropriate if "resolution of a preliminary motion *may* dispose of the entire action." *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003) (emphasis added) (citation omitted).

In weighing the factors set forth for determining the propriety of a stay, the Court finds that a stay is appropriate here. *See String Cheese,* 2006 WL 894955, at *2. The Court balances Plaintiff Stine's desire to proceed expeditiously with his case against the burden on Defendants of going forward. *Id.* There can be no doubt that Plaintiff Stine has

an interest in proceeding expeditiously, but his interest is offset by Defendants' burden. Here, Defendants filed a Motion to Dismiss which seeks to completely dismiss Plaintiff Stine's claims against them on the grounds of immunity, among other defenses. Courts have routinely recognized that discovery may be inappropriate while the issues of immunity and jurisdiction are being resolved. *See, e.g.*, *Siegert v. Gilley*, 500 U.S. 226, 231-32 (1991) (noting that immunity is a threshold issue and discovery should not be allowed while the issue is pending); *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) (same); *Workman v. Jordan*, 958 F.2d 332, 336 (10th Cir. 1992) (same); *see also Behrens v. Pelletier*, 516 U.S. 299, 308 & 310 (1996) (noting that discovery can be particularly disruptive when a dispositive motion regarding immunity is pending); *cf. Gilbert v. Ferry*, 401 F.3d 411, 415-16 (6th Cir. 2005) (finding stay permissible pending ruling on dispositive motion involving jurisdictional issue); *Enplaner, Inc. v. Marsh*, 11 F.3d 1284, 1291 (5th Cir. 1994) (same); *Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2-5 (D.D.C. 2001) (same). On balance, the Court finds that the potential harm to Plaintiff Stine is outweighed by the burden on Defendants resulting from conducting and responding to discovery while their Motion to Dismiss is pending.

The Court also considers its own convenience, the interests of nonparties, and the public interest in general. *See String Cheese*, 2006 WL 894955, at *2. None of these factors prompts the Court to reach a different result. In fact, the Court notes that neither its nor the parties' time is well-served by being involved in the "struggle over the substance of suit" when, as here, a fully dispositive motion is pending. *See Democratic Rep. of Congo v. FG Hemisphere Assocs., LLC*, No. 07-7047, 2007 WL 4165397 at *2 (D.C. Cir. Nov. 27, 2007) (unpublished opinion) (noting that the reason jurisdictional defenses should be raised

3

at the outset is to avoid unnecessary litigation); *see Chavous*, 201 F.R.D. at 2 ("A stay of discovery pending the determination of a dispositive motion 'is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources.'" (citations omitted)). Likewise, the imposition of a stay pending the decision on a dispositive motion that would fully resolve the case "furthers the ends of economy and efficiency, since if [the motion] is granted, there will be no need for discovery." *Chavous*, 201 F.R.D. at 5. Finally, the Court is unpersuaded that this case triggers a compelling nonparty or public interest to prompt a different result.

To the extent that either party proposes that Plaintiff Stine be allowed to propound limited discovery regarding the issue of qualified immunity raised in the Motion to Dismiss, the Court notes that Plaintiff Stine has already responded to the Motion to Dismiss without the apparent need for discovery on this issue. *See id.* at 2-5. Further, as a motion to dismiss is, with limited exception, resolved solely on the allegations contained in the complaint, no discovery on this issue is necessary.

IT IS FURTHER **ORDERED** that discovery as to Plaintiff Stine's case is **STAYED**, including the deadlines set forth in the Scheduling Order [#153], until such time as the Motion to Dismiss [#163] is resolved.

IT IS FURTHER **ORDERED** that given the stay of discovery, Defendants' request for a protective order which protects them from responding to discovery previously propounded by Plaintiff is **GRANTED**.

IT IS HEREBY **ORDERED** that given the stay of discovery as to Plaintiff Stine's case, the Motion for Subpoenas is **DENIED without prejudice**. After the Motion to

Dismiss has been resolved and the stay of discovery is lifted, Plaintiff Stine may refile his motion, if appropriate.

Dated: September 5, 2008

BY THE COURT:

s/ Kristen L. Mix
U.S. Magistrate Judge
Kristen L. Mix