IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01839-WYD-KLM

MIKEAL GLENN STINE

    Plaintiff,

v.

HARLEY LAPPIN, Director B.O.P.,
MICHAEL NALLEY, Regional Director B.O.P., and
RON WILEY, Warden ADX Supermax,

    Defendants.
_____

**ORDER**
_____

**ORDER ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court pursuant to Plaintiff's **Motion for Protective Order** [Docket No. 234; Filed December 10, 2008] (the "Motion"). Plaintiff, who is incarcerated and proceeding *pro se*, requests that the Court order: (1) that an internal disciplinary proceeding against him be "stayed pending further order of this Court," and (2) that the attorney who represents Defendants obtain a criminal indictment against him for making threats against her.

    IT IS HEREBY **ORDERED** that the Motion is **DENIED**. The Court has neither the inclination nor the authority to issue the orders Plaintiff seeks. *See* Fed. R. Civ. P. 26(c) (limiting requests for protective orders to discovery disputes only); *Dias v. City & County of Denver*, No. 07-cv-00722-WDM-MJW, 2008 WL 791939, at *6 (D. Colo. March 20, 2008) (unpublished decision) (noting generally that the court lacks jurisdiction over claims or parties who are not the subject of the litigation before the Court). To the extent that Plaintiff disputes that the letter he allegedly sent to President-Elect Obama and admittedly sent to

defense counsel Amy L. Padden contained threatening statements towards Ms. Padden, the Court disagrees.  There is no rational way to construe Plaintiff's statements as other than threats (e.g., "Straight out Mr. Obama, I should never be allowed out of prison, because my hate for Amy Padden has reached point that I have dreams seeing her die most painful ways."; and "Yes I hate this alleged person Amy Padden more than I enjoy life . . . in fact if God would allow me a most painful death, and her to die as well I would run for the gallows. . . .  People wonder why prisoners leave prison with only hate and murderful [sic] thoughts.").  Plaintiff's denial that his words are threatening towards Ms. Padden is worthy of no credence.

IT IS FURTHER **ORDERED** that Plaintiff is prohibited from filing any further pleadings which contain attacks on defense counsel.  While *pro se* parties are usually subject to relaxed pleading standards, this Court "simply will not allow liberal pleading rules and *pro se* practice to be a vehicle for abusive documents.  Our *pro se* practice is a shield against the technical requirements of a past age; it is not a sword with which to insult" the participants in a federal lawsuit.  *Garrett v. Selby Connon Maddux & Janer*, 425 F.3d 836, 841 (10th Cir. 2005) (quoting *Theriault v. Silber*, 579 F.2d 302, 303 (5th Cir. 1978)).  Plaintiff is warned that the filing of abusive pleadings will result in the imposition of sanctions, including entry of an injunction prohibiting him from filing future pleadings and/or a recommendation that his case be dismissed.

Dated:  December 11, 2008

                                              BY THE COURT:

                                              s/ Kristen L. Mix
                                              U.S. Magistrate Judge
                                              Kristen L. Mix