IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No. 07-cv-01839-WYD-KLM

MIKEAL GLENN STINE and

      Plaintiffs,

v.

HARLEY LAPPIN, Director B.O.P.;
MICHAEL NALLEY, Regional Director B.O.P.; and
RON WILEY, Warden ADX Supermax,

      Defendants.

---

**ORDER AFFIRMING AND ADOPTING RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

---

I.    <u>INTRODUCTION</u>

THIS MATTER is before the Court on Plaintiff Stine's Motion for Protective Order and Preliminary Injunction/and Request Expedited Consideration Pursuant to Rule (65)(a) F.R.Civ.P. (docket #184), filed August 6, 2008, (hereinafter "Motion"). The Motion was referred to Magistrate Kristen L. Mix for a Recommendation by Order of Reference dated March 7, 2008. On September 5, 2008, Magistrate Judge Mix issued a Recommendation that the above referenced Motion be denied. Recommendation at 5. The Recommendation is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b).

Magistrate Judge Mix advised the parties that they had ten (10) days to serve and file written, specific objections to the Recommendation. Recommendation at 5. On

September 15, 2008, Plaintiff filed a timely Objection which necessitates a *de novo* determination as to those specified proposed findings or recommendations to which objection is made since the nature of the matter is dispositive. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1).

II.     BACKGROUND

The Motion requests that the Court issue a protective order in the form of a preliminary injunction due to prison officials allegedly opening Plaintiff's mail outside his presence, "as well as delaying and losing stated mail, [which] infringes upon Plaintiff Stine's access to Courts." Recommendation at 4 (citing *Motion* at 1). By way of background, Magistrate Judge Mix stated the following:

> Plaintiff Stine is a prisoner at the United States Penitentiary, ADMAX, in Florence, Colorado ("ADX"). Plaintiff Stine is proceeding *pro se*. As such, the Court must construe his pleadings liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court is not the *pro se* party's advocate and must nevertheless deny a motion that is based on vague or conclusory allegations. *Hall*, 935 F.3d at 1110.
>
> The present Motion represents the tenth attempt by Plaintiff Stine to have the Court issue an injuctive order against Defendants [Docket Nos. 6, 12, 19, 21, 49, 66, 71, 78, 93 & 184]. The previsous nine attempts, including two motions containing allegations similar to the ones at issue here, have been denied [Docket Nos. 36, 166 & 198]. Although Plaintiff Stine has repeatedly been warned about filing frivolous requests for injuctive relief, he persists in his endeavors to inundate the Court with unnecessary and unsubstantitated requests. The present Motion is not different.
>
> Here, Plaintiff Stine contends that "Defendants are opening all Court Mail and reading said outside his presence, as well as delaying and losing stated mail, [which] infringes upon Plaintiff Stine's access to Courts." *Motion* [#184] at 1.

Recommendation at 1-2.

III.  ANALYSIS

As stated earlier, Magistrate Judge Mix recommended that Plaintiff's Motion be denied. Recommendation at 5. In her Recommendation, Magistrate Judge Mix found that Plaintiff failed to articulate the substantive requirements necessary to warrant a preliminary injunction.

A preliminary injunction constitutes drastic relief and should only be granted when the moving party clearly and unequivocally demonstrates its necessity. *See Schrier v. Univ. of Colo.,* 427 F.3d 1253, 1258 (10th Cir. 2005). Moreover, in the Tenth Circuit, the moving party must demonstrate: (1) irreparable harm to the movant if the injunction is denied; (2) the threatened injury outweighs the harm that the preliminary injunction may cause the opposing party; (3) the injunction, if issued, will not adversely affect the public interest; and (4) a substantial likelihood of success on the merits. *General Motors Corp. v. Urban Gorilla, LLC*, 500 F.3d 1222, 1226 (10th Cir. 2007). Further, "[a] preliminary injunction is an extraordinary remedy; it is the exception rather than the rule." *GTE Corp. v. Williams*, 731 F.2d 676, 678 (10th Cir. 1984).

Preliminary injunctions serve the limited purpose of merely preserving the relative positions of the parties until a trial on the merits can be held. *Schrier,* 427 F.3d at 1258-59. Certain types of preliminary injunctions are disfavored because they often surpass this limited purpose; a preliminary injunction that alters the status quo falls into this category of disfavored preliminary injunctions. *Id.* Disfavored injunctions are "more closely scrutinized to assure that the exigencies of the case support the granting of a remedy that is extraordinary even in the normal course." *Id.*

In her Recommendation, Magistrate Judge Mix first found the relief that Plaintiff seeks would alter the status quo, and therefore, would "'constitute a specifically disfavored injunction' that 'must be more closely scrutinized.'" Recommendation at 3 (citing *Schrier,* 427 F.3d at 1259, 1261). Plaintiff alleges that Defendants are opening his mail outside of his presence. The preliminary injunction sought by Plaintiff would require Defendants to alter not only their method of delivering mail, but also their method of categorizing mail. Magistrate Judge Mix concluded that Plaintiff's requested relief would alter the status quo rather than preserve it; consequently, the relief sought "constitutes a specifically disfavored injunction" that "must be more closely scrutinized." *Id.*

Second, Magistrate Judge Mix found that "[t]o constitute irreparable harm, an injury must be great, actual 'and not theoretical.' *Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1189 (10th Cir. 2003) (citation omitted). Irreparable harm is more than 'merely serious or substantial' harm. Recommendation at 3 citing *Id*. Therefore, to demonstrate irreparable harm, Plaintiffs "must establish both that harm will occur, and that, when it does, such harm will be irreparable." *Vega v. Wiley*, 259 Fed. Appx. 104, 106 (10th Cir. 2007). Moreover, the moving party "must show that 'the injury complained of is of such *imminence* that there is a clear and present need for equitable relief' to prevent irreparable harm." *Id* (citation omitted).

After reviewing Plaintiff's Motions, Magistrate Judge Mix concluded that the Plaintiff failed to assert an actual injury. Magistrate Judge Mix found that based on the evidence presented, while Plaintiff alleges a delay in his receiving mail, he fails to allege

that the delay caused him an injury in fact. Recommendation at 4. Plaintiff admits that he did eventually receive the mail at issue, and that any delay has not prevented Plaintiff from filing pleadings in this case. *Id.* After reviewing the docket, the record further provides that there are not outstanding motions filed by Defendants to which Plaintiff Stine has not responded. *Id.*

Third, Magistrate Judge Mix found that Plaintiff did not "address[ ] or demonstrate[ ] whether the alleged harm to him outweighs the potential damage the injunction may cause Defendants or whether an injunction would be adverse to the public interest;" therefore, Plaintiff failed to satisfy "his burden regarding these two requisite elements." *Id.* at 5.

Finally, Magistrate Judge Mix found that Plaintiff's ability to show that he "has a substantial likelihood of success on the merits of his claim...is sufficiently in doubt...because I find that Plaintiff Stine has failed to articulate an actual injury.... *Id.* ( citing *see Hall,* 935 F.2d at 1110).

To the extent that Defendants are violating Plaintiff's constitutionally protected rights by opening mail sent from the Court, as Plaintiff alleges, Magistrate Judge Mix determined "that mail sent by the clerk to Plaintiff Stine is not marked as special legal mail and is not necessarily subject to the same protection." *Id.* (citing *See, e.g., Medel v. Deland,* 974 F.2d 1345, 1345 (10th Cir. 1992)). In *Medel,* the plaintiff challenged the Utah State Prison's ("USP") policy of opening "court" mail outside the presence of an inmate. *Id.* The court held that USP's regulation, which permits prison officials to open an inmate's mail without his presence "unless the envelope is marked in a manner

which clearly indicates that it is privileged or confidential material," is not a constitutional violation. *Id.* The court in *Medel* determined that USP's mail policy satisfied the four factor test set forth in *Turner v. Saffley,* 482 U.S. 78, 89-91 (1987), for determining the validity of a prison regulation. *Id.*

Judge Mix was correct in her determination that "mail sent by the clerk to Plaintiff Stine is not marked as special legal mail and is not necessarily subject to the same protection;" therefore, the opening of said mail would not violate Plaintiff's constitutional rights under the First Amendment. Recommendation at 5.

After reviewing Plaintiff's Objection, I agree with Magistrate Judge Mix that the Plaintiff has failed to articulate sufficient facts to warrant preliminary injunctive relief. Plaintiff does not directly address the issue of irreparable harm in his Objection. Under the circumstances, Plaintiff is neither exposed to a substantial risk of serious harm nor placed in imminent danger; in fact, Plaintiff fails to assert the injury that would result if the injunction is not granted. Therefore, Plaintiff is not entitled to the relief sought in the Motion. Recommendation at 3.

In his Objection, Plaintiff complains that Magistrate Judge Mix misapplied the law concerning Plaintiff's constitutionally protected rights under the First Amendment. Specifically, Plaintiff directs the Court's attention to two court cases and argues that these two opinions provide the appropriate law and should prompt this Court to grant preliminary injunctive relief. After reviewing these cases, I overrule Plaintiff's Objection. I note that both opinions, *Jones v. Brown,* 461 F.3d 353 (3rd Cir. 2006), and *Fontroy v. Beard,* 485 F. Supp. 2d 592 (E.D. Pa., May 3, 2007), were decided in the Third Circuit,

and therefore, are not binding on this Court. Moreover, the facts in those two cases are distinguishable from the facts here.

I agree with Magistrate Judge Mix that the relevant law in the Tenth Circuit is set forth in *Medel v. Deland,* 974 F.2d 1345, 1345 (10th Cir. 1992). Plaintiff failed to allege that Defendant's are opening "mail which is marked to show that it is confidential legal material;" mail that is marked merely as "court" mail does not necessarily amount to a constitutional violation. Recommendation at 4. Additionally, as Magistrate Judge Mix noted that "it is often the Court's practice to specifically order the clerk to send mail from the Court to Plaintiff Stine's case manager." *Id.*

After carefully reviewing Magistrate Judge Mix's Recommendation and Plaintiff's Objection, I agree with Magistrate Judge Mix that Plaintiff's Motion should be denied for the reasons stated in both the Recommendation and this Order. Magistrate Judge Mix's Recommendation is thorough, well reasoned and is adopted. Accordingly, Plaintiff's Objection is overruled. To the extent Plaintiff asserts other objections, I find no merit to them. Accordingly, the Recommendation of Magistrate Judge Mix is affirmed and adopted, and Plaintiff's Motion is denied.

IV. CONCLUSION

For the reasons stated above, it is

ORDERED that the Recommendation of United States Magistrate Judge Mix (docket #207), filed September 5, 2008, is **AFFIRMED** and **ADOPTED**.

In accordance therewith, it is

FURTHER ORDERED that Plaintiff's Motion for Protective Order and Preliminary

Injunction/and Request Expedited Consideration (docket #184), filed August 6, 2008, is hereby **DENIED**.

Dated: December 18, 2008

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge