IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01839-WYD-KLM

MIKEAL GLENN STINE

    Plaintiff,

v.

HARLEY LAPPIN, Director B.O.P.,
MICHAEL NALLEY, Regional Director B.O.P., and
RON WILEY, Warden ADX Supermax,

    Defendants.
_____

# ORDER
_____

**ORDER ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiff's **Motion for Scheduling Conference; and Motion to Discontinue Copies to Dismissed Plaintiff Oechsle** [Docket No. 223; Filed October 29, 2008] ("Motion No. 223") and **Motion to Amend Complaint, and to Disqualify Amy Padden** [Docket No. 232; Filed December 9, 2008] ("Motion No. 232").

IT IS HEREBY **ORDERED** that Motion No. 223 is **GRANTED**. Given the District Court's ruling on my Recommendation [Docket No. 222] to allow Plaintiff's Fifth Amendment claim to proceed [Docket No. 254], a Status Conference is set for **February 12, 2009 at 10:30 a.m.** in Courtroom C-204, Second Floor, Byron G. Rogers United States Courthouse, 1929 Stout Street, Denver, Colorado. On the date and time set for the conference, Plaintiff shall contact the Court at **(303) 335-2770** to participate. The purpose of the conference is to discuss the remaining parties and claim, the parties' need for discovery and to reset case deadlines.

IT IS FURTHER **ORDERED** that the Clerk shall remove former Plaintiff Oeshcle's name from the list of parties who receive electronic mailings.

IT IS HEREBY **ORDERED** that Motion No. 232 is **DENIED**. Plaintiff seeks to amend his complaint and assert claims against counsel for Defendants and his case manager. Joinder of these individuals and claims is not proper because the alleged events complained of by Plaintiff do not arise from the same transaction or occurrence at issue in his present case and do not involve a common question of law or fact. *See* Fed. R. Civ. P. 20. The events in the Motion occurred well after the complaint was filed and, consequently, bear no relation to Plaintiff's pending Fifth Amendment claim, which is limited

solely to Plaintiff's transfer to, and conditions of confinement at, ADX. In addition, Plaintiff failed to attach a proposed amended complaint to his pleadings, and the Motion is subject to denial on this basis alone. Finally, while this request represents the first attempt to amend Plaintiff's complaint and may be permissible pursuant to Fed. R. Civ. P. 15, the deadline for amendment of pleadings is well past, and Plaintiff has not offered any good cause for extending the deadline to assert new claims against new Defendants which do not relate to his pending case.

Dated: January 15, 2009

BY THE COURT:

 s/ Kristen L. Mix
U.S. Magistrate Judge
Kristen L. Mix