IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01839-WYD-KLM

MIKEAL GLENN STINE

    Plaintiff,

v.

HARLEY LAPPIN, Director B.O.P.,
MICHAEL NALLEY, Regional Director B.O.P., and
RON WILEY, Warden ADX Supermax,

    Defendants.
_____

# ORDER
_____

**ORDER ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiff's **Amended Motion to Amend Complaint; Motion to Disqualify Assist. U.S. Attorney Amy Padden; and Motion for Copys [sic] of Document No. (3) Complaint; Document No. (222) Report and Recommendations to Motion to Dismiss; and Document No. (232) Motion to Amend** [Docket No. 268; Filed February 23, 2009] ("Motion No. 268"). While leave to amend is freely given where justice so requires, justice is not served where amendment would be futile. *Foman v. Davis*, 371 U.S. 178, 277 (1962).

IT IS HEREBY **ORDERED** that Motion No. 268 is **DENIED** for the reasons given in my Order dated January 15, 2009 [Docket No. 255]. As was also the case regarding Plaintiff's previous unsuccessful attempt to amend his complaint, the events giving rise to the Motion occurred well after the complaint was filed and, consequently, bear no relation to Plaintiff's pending Fifth Amendment claim, which is limited solely to Plaintiff's transfer to,

and conditions of confinement in, the general population at ADX. Essentially, Plaintiff is improperly seeking to file a new case involving new First and Eighth Amendment allegations against new Defendants within the confines of his pre-existing Fifth Amendment case. Addressing Plaintiff's right to assert claims that arose after Plaintiff commenced his action in another of Plaintiff's cases, Chief Judge Wiley Y. Daniel found that "[a]mendment of the Complaint would be futile, because it is based on facts arising while this case was pending, not on the factual allegations underlying his Complaint." *Stine v. Lappin*, No. 08-cv-00164-WYD-KLM at 2 (D. Colo. Feb. 25, 2009) (order denying motion to amend). In addition, Plaintiff failed to attach a proposed amended complaint to his pleadings, and the Motion is subject to denial on this basis alone. Finally, Defendants have already filed an answer to Plaintiff's operative complaint, the deadline for amendment of pleadings is well past, and Plaintiff has not offered any good cause for extending the deadline to assert new constitutional claims against new Defendants for alleged conduct which did not occur until well after this case was filed.

The Motion is also denied to the extent that Plaintiff requests that certain documents and forms be mailed to him for purposes of amending his complaint. Because I find that amendment is not warranted, and Plaintiff has failed to offer any other justification for the necessity of these documents, Plaintiff does not provide good cause for having these documents sent to him at Court expense. To the extent that the Motion title also suggests that Plaintiff is seeking to disqualify defense counsel, the Motion does not contain any argument in this regard, and the Court does not consider it.

Dated: March 2, 2009

BY THE COURT:

s/ Kristen L. Mix
U.S. Magistrate Judge
Kristen L. Mix