IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01839-WYD-KLM

MIKEAL GLENN STINE

    Plaintiff,

v.

HARLEY LAPPIN, Director B.O.P.,
MICHAEL NALLEY, Regional Director B.O.P., and
RON WILEY, Warden ADX Supermax,

    Defendants.
_____

### ORDER SETTING EVIDENTIARY HEARING
_____

**ORDER ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court *sua sponte*. The Court has become increasingly concerned about pleadings filed in this case by Plaintiff and other inmates at ADX regarding the alleged withholding or destruction of Plaintiff's legal mail [Docket Nos. 261, 312, 324 and 325]. While Defendants admit that they withheld Plaintiff's mail for approximately a one-and-a-half month period, they contend that Plaintiff's mail is no longer being withheld. However, the Court notes that recently, and contrary to Plaintiff's past practices in this case and others, no responses to substantive motions or orders have been received from Plaintiff. Given Defendants' recent withholding of Plaintiff's mail and the current state of the docket, I find reason to doubt whether the Court is receiving all of Plaintiff's mail and whether Plaintiff is being permitted to comply with the Court's orders. Accordingly,

    IT IS HEREBY **ORDERED** that a two-hour evidentiary hearing is set for **May 22, 2009 at 2:00 p.m.** regarding the status of Plaintiff's legal mail. Plaintiff and Defendants may call no more than three witnesses each. On or before May 14, 2009, Plaintiff shall provide a list of his witnesses in advance of the hearing to officials at ADX to ensure that his witnesses are made available for the hearing. Plaintiff's witnesses must have independent knowledge of the problems with Plaintiff's legal mail (in other words, they must have information about Plaintiff's mail that they obtained from a source <u>other than</u> Plaintiff). Given the time limit for the hearing, the parties should plan for their arguments and witnesses to take no more than sixty minutes each.

    IT IS FURTHER **ORDERED** that Defendants shall make available at the hearing an individual from ADX with direct knowledge of the ADX mail system and the handling of Plaintiff's mail in particular.

IT IS FURTHER **ORDERED** that Plaintiff shall be permitted to bring to the hearing a copy of his Response to Defendants' Motion for Dismissal Pursuant to Rule 41 and 28 U.S.C. § 1915 [Docket No. 258].  If no response to this motion has been docketed on the record by the time of the hearing, Defendants or their agents shall be ordered to transmit Plaintiff's Response by fax to the Court during the hearing.

IT IS FURTHER **ORDERED** that the motion hearing shall be conducted by televideo conference.  **Plaintiff Mikeal Glenn Stine and any of Defendants' witnesses who are located at ADX will be allowed to participate by televideo conference.  Plaintiff's witnesses will be allowed to participate by telephone by contacting Chambers at (303) 335-2770.  All other participants shall appear in person in Courtroom C-204, Second Floor, Byron G. Rogers United States Courthouse, 1929 Stout Street, Denver, Colorado.**

IT IS FURTHER **ORDERED** that the Clerk shall mail a copy of this Minute Order to the legal coordinator at ADX, Christopher Synsvoll, and to Plaintiff's case manager, who shall coordinate the attendance of Plaintiff and his witnesses at the hearing.

A representative from the Court will contact Mr. Synsvoll or his case manager on the day and time of the hearing to connect Plaintiff to the televideo conference.

A copy of this order has been provided to U.S. District Court, Automation Unit -Video Conferencing, Mike Myers, by the Court.


Dated:       May 8, 2009

                                                                BY THE COURT:

                                                                 s/ Kristen L. Mix
                                                                U.S. Magistrate Judge
                                                                Kristen L. Mix