IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No.  07-cv-01839-WYD-KLM

MIKEAL GLENN STINE,

      Plaintiff,

v.

HARLEY LAPPIN, Director B.O.P.;
MICHAEL NALLEY, Regional Director B.O.P.; and
RON WILEY, Warden ADX Supermax,

      Defendants.

---

**ORDER AFFIRMING AND ADOPTING RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

---

I.    <u>INTRODUCTION</u>

THIS MATTER is before the Court on Defendants' Motion to for [sic] Dismissal

Pursuant to Rule 41 and 28 U.S.C. § 1915 (docket #258), filed February 11, 2009

("Motion to Dismiss") and Plaintiff's Motion for Injunction/with Evidentiary Hearing/and

Request for Expedited Consideration (docket #304), filed March 13, 2009 ("Motion for

Injunction").  Both motions were referred to Magistrate Judge Kristen L. Mix for a

Recommendation by Order of Reference dated March 7, 2008.  Magistrate Judge Mix

issued a Recommendation on June 25, 2009, that the above referenced Motion to

Dismiss be granted and that Plaintiff's case be dismissed pursuant to Fed. R. Civ. P.

41(b) and 28 U.S.C. § 1915.  Magistrate Judge Mix also recommends that Plaintiff's

Motion for Injunction be denied and that Plaintiff be enjoined from filing future *pro se*

lawsuits in this District pursuant to similar procedures set forth in *Ketchum v. Cruz*, 775

F. Supp. 1399, 1406-08 (D. Colo. 1991), *aff'd*, 961 F.2d 916 (10th Cir. 1992) and *Penk*

*v. Huber*, No. 07-cv-00607- WYD-MEH, 2007 WL 2908425 (D. Colo. Oct. 3, 2007)

(unpublished decision).  (Recommendation at 2.)  The Recommendation is incorporated

herein by reference.  *See* 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b).

II.    BACKGROUND

        In her Recommendation, Magistrate Judge Mix provided an extensive and

detailed summary of both the factual and procedural background of the instant case.

Magistrate Judge Mix noted that since the inception of this case, the Plaintiff has filed

approximately 115 pleadings requesting relief, nearly all of which have been denied.

(Recommendation at 2-3.)  Also, Plaintiff has sent threatening and offensive

correspondence to both the Court and defense counsel in this action.  Magistrate Judge

Mix stated that the majority of these filings provide the basis for Defendants' pending

Motion to Dismiss.  (Recommendation at 3.)  As discussed more fully below, Plaintiff

failed to respond to the Motion to Dismiss even after several extensions were granted

and still has not responded to date.

        By way of background, Plaintiff has maintained that the Defendants have both

withheld and destroyed his legal mail from January 2009 to the present.  Magistrate

Judge Mix explained that from January 7, 2009 to February 19, 2009, she discovered

that the Defendants were withholding Plaintiff's legal mail while awaiting approval from

the Bureau of Prisons ("BOP") to place Plaintiff on special mail status as a result of his

sending threatening correspondence.  Magistrate Judge Mix expressed her disapproval

for the Defendants' unilateral decision to delay sending Plaintiff's legal mail during this brief time period, however she noted that "Defendants' conduct does not excuse Plaintiff's behavior throughout this case." (Recommendation at 4.) On February 19, 2009, the Defendants received permission to place Plaintiff on special legal mail status and stopped withholding Plaintiff's outgoing mail. (Recommendation at 5.) This was evidenced by the Plaintiff's pleadings and letters received by the Court on February 19, 2009. In the Recommendation, Magistrate Judge Mix set forth a detailed timeline of the events surrounding this matter. (*See* Recommendation at 4-8.)

On May 22, 2009, Magistrate Judge Mix held an evidentiary hearing on the "withholding of mail" issue, specifically addressing Plaintiff's claims that his mail was *currently* being withheld and that he had tried to respond to the Defendants' Motion to Dismiss, but his response was destroyed by the Defendants. Both Plaintiff and the Defendants presented witnesses at the hearing. After an exhaustive analysis of the evidence (summarized in the Recommendation at 8-15), Magistrate Judge Mix made the following findings:

(1) The testimony presented by Plaintiff at the May 22, 2009 hearing that Defendants are destroying his legal mail was not credible;
(2) There is no credible evidence that Plaintiff prepared or sent a response to the Motion to Dismiss to the Court;
(3) Defendants had no authority to withhold Plaintiff's mail from January to mid-February 2009;
(4) There is no credible evidence that Defendants are currently withholding or destroying Plaintiff's legal mail;
(5) There is credible evidence that Plaintiff has filed false pleadings on the record;
(6) Plaintiff has maliciously and falsely accused the Court and defense counsel of improper conduct;
(7) Plaintiff has threatened and harassed the Court and defense counsel;
(8) Plaintiff has inundated the Court with meritless and frivolous filings;

(9) Plaintiff has failed to comply with three Court Orders regarding the filing of his response to the Motion to Dismiss [Docket Nos. 292, 319 & 326]; and

(10) Plaintiff has failed to comply with at least twelve Court Orders regarding the filing of frivolous, malicious, and abusive pleadings.

(Recommendation at 22-23.)  Accordingly, based on the above findings, Magistrate Judge Mix first recommends that Plaintiff's case be dismissed as a sanction pursuant to Fed. R. Civ. P. 41(b) and 28 U.S.C. § 1915(e)(2)(B)(I).  Second, Magistrate Judge Mix recommends that Plaintiff be enjoined from filing future cases in this District.  Finally, Magistrate Judge Mix recommends that Plaintiff's Motion for Injunction be denied.

III.   ANALYSIS

A.   Motion to Dismiss

As stated earlier, Magistrate Judge Mix recommends that Defendants' Motion to Dismiss be granted as a sanction pursuant to Fed. R. Civ. P. 41(b) and 28 U.S.C. § 1915(e)(2)(B)(I).  In *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920-21 (10th Cir. 1992), the Tenth Circuit set forth specific factors for courts to consider when evaluating grounds for dismissal of an action.  The *Ehrenhaus* factors are: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Id.* at 921 (internal quotations and citations omitted);

In her Recommendation, Magistrate Judge Mix analyzed each *Ehrenhaus* factor as applied to the facts of this case.  First, Magistrate Judge Mix found "Plaintiff's conduct prejudiced Defendants' ability to defend against the accusations lodged by

Plaintiff in his Complaint." (Recommendation at 25.)  Specifically, Magistrate Judge Mix
noted that the Defendants were forced to expend unnecessary resources and time in
order to defend against Plaintiff's numerous meritless pleadings.  Additionally, "[a]s a
result of Plaintiff's actions, including sending threatening letters to the Court and
defense counsel, the case has been brought to a virtual standstill and has not
progressed with any substance toward trial despite the significant amount of time and
effort expended on it by Defendants." (Recommendation at 25.)  Magistrate Judge Mix
also concluded that "[w]hile Defendants' conduct in withholding Plaintiff's mail from
January to mid-February 2009 contributed to their burden, and unnecessarily
complicated these proceedings, this conduct is outweighed by Plaintiff's overall litigation
abuses." (Recommendation at 25.)

Second, Magistrate Judge Mix found that Plaintiff's abusive conduct in this case
has interfered with the judicial process and further burdened the Court.  Magistrate
Judge Mix stated that Plaintiff's offensive and slanderous accusations, barrage of
meritless and false filings, and incredible testimony and unsupported accusations at the
evidentiary hearing are all evidence of interference with the judicial process.  "[T]he
Court's continual review of Plaintiff's file, the issuance of Orders prompted by Plaintiff's
unnecessary and noncompliant filings, and the holding of a hearing to address Plaintiff's
unsupported allegations increases the workload of the Court and interferes with the
administration of justice." (Recommendation at 26.)

Third, Magistrate Judge Mix found the Plaintiff's conduct to be willful.  Despite
repeated warnings by the Court, the Plaintiff continued to inundate the Court with filings

and letters, and when given an opportunity to present evidence regarding his allegations

about the status of his legal mail, Plaintiff put forth incredible evidence.  Magistrate

Judge Mix even afforded the Plaintiff the opportunity to "avoid any contact with ADX

officials whatsoever prior to filing it [response to the Motion to Dismiss], by bringing it

[response] to the hearing and transmitting it under the watchful eye of the Court."

(Recommendation at 26-27.)  Plaintiff never produced a response to the Motion to

Dismiss.  Based on the record, Magistrate Judge Mix concluded

> that Plaintiff fabricated the allegation about the current state of his legal
> mail in an attempt to avoid prosecuting his case after receiving a Motion to
> Dismiss which he could not overcome.  As a result, I must conclude that
> Plaintiff's conduct, which was perpetrated throughout the course of this
> litigation, was willful, and that he is therefore responsible for his litigation
> abuses.

(Recommendation at 27.)

Fourth, Magistrate Judge Mix concluded that Plaintiff was given repeated

warnings that dismissal of his action was a likely sanction for his litigation abuses.

Thus, Plaintiff knew, or reasonably should have known, that his conduct could likely

result in dismissal of his case.

Finally, Magistrate Judge Mix concluded that "no sanction less than dismissal

with prejudice would be effective."  (Recommendation at 27.)  "It is clear to the Court

that Plaintiff is wholly unconcerned about telling the truth in pleadings and while under

oath."  (Recommendation at 28.)  Therefore, dismissal with prejudice pursuant Fed. R.

Civ. P. 41(b) and 28 U.S.C. § 1915(e)(2)(B)(I) is the appropriate result.

B.    Injunction as Sanction

Magistrate Judge Mix next recommends that Plaintiff be enjoined from filing

future *pro se* cases without specific restrictions.  After a thorough examination of

Plaintiff's litigation history, Magistrate Judge Mix stated the following:

> In addition to the sanction of dismissal, the Court is compelled to address the status of Plaintiff's ability to file future *pro se* cases and lodge future baseless accusations in this District.  Plaintiff already has at least four strikes against him pursuant to 28 U.S.C. § 1915(g).  Despite his inability to proceed *in forma pauperis*, Plaintiff has now enlisted the financial aid of other inmates to allow him to proceed undaunted. *See, e.g.*, 09-cv-00298- CMA-MEH.  Since 2006, Plaintiff has filed thirteen cases in this District, dismissing several of them voluntarily when facing a dispositive motion (but only after much effort was expended by the Court and Defendants).  Excluding those cases that were dismissed on preliminary review, Plaintiff's cases have two things in common: (1) none has been found to have merit and (2) all have involved vexatious, frivolous and malicious filing of pleadings without legal justification.  Although it is clear that Plaintiff believes that he has been treated unfairly by various individuals in the federal prison system, executive branch, and the judiciary, "he has inappropriately used the federal court system as a means to express his displeasure" in an abusive, malicious, and unconscionable manner.  *See Penk v. Huber*, 07-cv-00607-WYD-MEH, 2007 WL 2908425, at *2 (D. Colo. Oct. 3, 2007) (unpublished decision).  Plaintiff has been frequently warned that his misconduct could lead to an injunction against making future filings [Docket Nos. 76, 236 & 240].  Because it is clear that Plaintiff finds unfairness with every action taken against him, whether real or imaginary, and does not show any signs of deviating from his campaign of harassment, "justice requires this District to follow through with the warning to impose restrictions on his ability to file" future federal lawsuits. *See id.*

(Recommendation at 28-29.)  Magistrate Judge Mix goes on to cite controlling law

giving the Court the authority to "enjoin litigants who abuse the court system by

harassing their opponents."  *Tripati v. Beaman*, 878 F.2d 351, 352 (10th Cir. 1989).  The

Tenth Circuit has held that "[t]here is strong precedent establishing the inherent power

of federal courts to regulate the activities of abusive litigants by imposing carefully

tailored restrictions under the appropriate circumstances."  *Cotner v. Hopkins,* 795 F.2d

900, 902-03 (10th Cir. 1986).

In accordance with Tenth Circuit law, Magistrate Judge Mix recommends the imposition of specific restrictions on the Plaintiff should he wish to file future *pro se* cases in this Court.  (*See* Recommendation at 30-32.)  These restrictions were taken, in part, from *Ketchum v. Cruz*, 775 F. Supp. 1399, 1406-08 (D. Colo. 1991), *aff'd*, 961 F.2d 916 (10th Cir. 1992).

C.     Plaintiff's Motion for Injunction

Finally, Magistrate Judge Mix recommends that Plaintiff's Motion for Injunction be denied.  In the motion, Plaintiff claims that the Defendants are currently destroying or withholding his mail.  As I previously mentioned, Magistrate Judge Mix held an evidentiary hearing on this issue and found Plaintiff's accusations to be both incredible and unsupported by the record.  Magistrate Judge Mix further found that "Plaintiff failed to carry his burden of proving the probability of irreparable harm."  (Recommendation at 33.)

D.     Analysis

Magistrate Judge Mix advised the parties that written objections were due within ten (10) days after service of a copy of the Recommendation.  (Recommendation at 34-35.)  Despite this advisement, no objections were filed to the Recommendation.  No objections having been filed, I am vested with discretion to review the Recommendation "under any standard [I] deem[] appropriate."  *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) (stating that "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party

objects to those findings").  Nonetheless, though not required to do so, I review the Recommendation to "satisfy [my]self that there is no clear error on the face of the record."[1]  *See* FED. R. CIV. P. 72(b) Advisory Committee Notes.

Having reviewed the Recommendation, I am satisfied that there is no clear error on the face of the record.   I find that Magistrate Judge Mix's Recommendation is thorough, well reasoned and sound.  I agree with Magistrate Judge Mix that Defendants' Motion to Dismiss should be granted and Plaintiff's Motion for Injunction should be denied for the reasons stated in both the Recommendation and this Order.  I also agree with Magistrate Judge Mix's Recommendation to impose specific restrictions on the Plaintiff should he wish to file future *pro se* cases in this Court.

IV.    CONCLUSION

Based on the foregoing, it is

ORDERED that the Recommendation of the United States Magistrate Judge (docket #344) is **AFFIRMED AND ADOPTED**.  In accordance therewith, it is FURTHER ORDERED that Defendants' Motion to Dismiss (docket #258) is **GRANTED**, and this action is **DISMISSED WITH PREJUDICE** pursuant to Fed. R. Civ. P. 41 and 28 U.S.C. § 1915.  It is

FURTHER ORDERED that Plaintiff is enjoined from filing future *pro se* cases as set forth in the Recommendation at pages 30-32.  It is

FURTHER ORDERED that Plaintiff's Motion for Injunction (docket #304) is

---

[1]  Note, this standard of review is something less than a "clearly erroneous or contrary to law" standard of review, FED. R. CIV. P. 72(a), which in turn is less than a de novo review, FED. R. CIV. P. 72(b).

**DENIED.**  It is

FURTHER ORDERED that in light of the rulings made in both the

Recommendation and this Order, the following pleadings are **DENIED AS MOOT:**

**docket #267; docket # 302; docket # 314; and docket #348.**

Dated:  September 1, 2009

BY THE COURT:


s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge